IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EDNA RODRIGUEZ-MARTINEZ,**
**et al.,**
**Plaintiffs**

**v.**  CIVIL NO. 05-1480(DRD)

**COOPERATIVA DE AHORRO Y**
**CREDITO ORIENTAL, et al.,**
**Defendants**

### ORDER OF DISMISSAL

Pending before the Court is plaintiffs *Motion for Dismissal Without Prejudice* (Docket No. 12) moving the Court to dismiss without prejudice the instant complaint pursuant to Rule 41, Fed.R.Civ.P., for their failure to appear by a counsel admitted to this Bar within the time provided by the Court. Notwithstanding plaintiffs' request for voluntary dismissal, the undersigned issued an Order to defendants to enter their position as to plaintiffs' petition.

On, December 7, 2005, the defendants in compliance with the Court's Order filed their response to plaintiffs request for dismissal (Docket No. 14). In their response, defendants oppose the request for dismissal without prejudice because allegedly they will suffer legal prejudice as they may be required to relitigate the instant matter before the local state courts. Further, defendants aver that plaintiffs should not be excused for their failure to retain an admitted counsel to this Bar at the time a federal cause of action was plead before the local state courts. In the alternative, the defendants request that should the Court deem that the claim must be dismissed without prejudice, plaintiffs shall provide the defendants payment of costs an attorney fees.

The Court notes that defendants have asserted that prejudice will be suffered should plaintiffs' dismissal be warranted without prejudice. The defendants are correct in that, having an answer been provided, the only alternative to a dismissal without prejudice is a stipulation by the parties – stipulation which has not occurred in the instant case. *See* Fed.R.Civ.P. 41(a)(1)(ii). The only other option the Court has as to a dismissal suggested by plaintiff is pursuant to Fed.R.Civ.P. 41(a)(2) which allows for the granting of a dismissal "upon such terms and conditions as the Court deems proper." The Court notes that defendant chose to remove the case to the federal forum immediately upon being served, translated all documents, and answered the complaint. Presently, plaintiffs allege not to be able to retain counsel within the time frame ordered by the Court and, hence, move to dismiss without prejudice. Defendants, on the other hand, have certainly incurred in costs and modest attorney's fees, yet it cannot be said that they are, in fact, a prevailing party. Moreover, at such an early stage of these proceedings, the Court lacks sufficient basis to assess the complaint frivolous from the pleadings.

Hence, the Court "deems proper" to award costs to defendants and **DISMISS** the case **WITHOUT PREJUDICE**.  Defendants shall file the verified bill of costs memorandum within the time frame allowed by Local Rules and the Court shall tax the same pursuant to law.

Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 14th day of December 2005.

S/DANIEL R. DOMINGUEZ  
**DANIEL R. DOMINGUEZ**  
**U.S. DISTRICT JUDGE**